O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA KAMBEITZ, | ) Case No. EDCV 14-1676-KK |
| Plaintiff, | ) |
| | ) MEMORANDUM AND ORDER |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Virginia Kambeitz ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying her applications for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

///

///

///

1

# I.

## PROCEDURAL HISTORY

On April 18, 2011, Plaintiff filed separate applications for DIB and SSI. Administrative Record ("AR") at 198-211. Plaintiff's applications were denied initially on August 31, 2011, and upon reconsideration on March 8, 2012. AR at 130-34; 136-40.

On May 10, 2012, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR at 143. On January 14, 2013, Plaintiff appeared and testified at a hearing held before ALJ Margaret M. Craig. AR at 40-71. On February 4, 2013, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. AR at 22-33.

On April 4, 2013, Plaintiff filed a request for the Agency's Appeals Council to review the ALJ's decision. AR at 1-7. On June 25, 2014, the Appeals Council denied Plaintiff's request for review. Id.

On August 13, 2014, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1. This matter is before the Court on the parties' Joint Stipulation ("JS"), filed July 20, 2015, which the Court has taken under submission without oral argument.

# II.

## FACTUAL BACKGROUND

Plaintiff was born on March 15, 1961, and her alleged disability onset date is June 15, 2010. AR at 198. She was 49 years old at the time of the onset date, and 51 years old at the time of the hearing before the ALJ. AR at 42. Plaintiff's highest grade completed in school was eighth grade. AR at 44. Plaintiff alleges disability based on "carpal tunnel, glaucoma, memory problems, illitera[cy], and asthma." AR at 72.

# III.

## STANDARD FOR EVALUATING DISABILITY

To qualify for DIB or SSI, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful

2

activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1)    Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2)    Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3)    Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]

(4)    Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.

(5)    Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir.2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)).

1  that the claimant can perform some other work that exists in "significant numbers" in the

2  national economy, taking into account the claimant's residual functional capacity

3  ("RFC"), age, education, and work experience.  <u>Tackett</u>, 180 F.3d at 1098, 1100;

4  <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

5

6                                        **IV.**

7                         **THE ALJ'S DECISION**

8  **A.    Step One**

9      At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity

10  since August 15, 2010, the alleged onset date" of disability.  AR at 24 (citations omitted).

11

12  **B.    Step Two**

13      At step two, the ALJ found Plaintiff had the following severe impairments: major

14  depressive disorder; borderline intellectual functioning; osteoarthritis of the right hand;

15  chronic obstructive pulmonary disease (COPD); and asthma.  <u>Id.</u> (citations omitted).

16  **C.    Step Three**

17      At step three, the ALJ found Plaintiff "does not have an impairment or

18  combination of impairments that meets or medically equals the severity of one of the

19  listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."  AR at 24-25 (citations

20  omitted).

21  **D.    RFC Determination**

22      The ALJ found Plaintiff has the RFC "to perform a range of light work as defined

23  in CFR 404.1567(b) and 416.967(b) and SSR 83-10 specifically as follows: the claimant

24  can lift and/or carry 20 pounds occasionally and smaller than this frequently; she can

25  stand and/or walk for six hours out of an eight-hour workday with regular breaks; she can

26  sit for six hours out of an eight-hour workday with regular beaks; she is unlimited with

27  respect to pushing and/or pulling, other than as indicated for lifting and/or carrying; she

28  must avoid concentrated exposure to pulmonary irritants; she is limited to simple, routine

1  tasks involving only occasional non-intense contact with the general public; and the
2  claimant is limited to tasks that do not involve reading or math."  AR at 26.

3  **E.    Step Four**

4      At step four, the ALJ found Plaintiff "is capable of performing past relevant work
5  as a car hop and fast food worker."  AR at 31.

6  **F.    Step Five**

7      At step five, the ALJ found "there are other jobs that exist in significant numbers in
8  the national economy that the claimant can perform."  AR at 32.  While the ALJ
9  conceded Plaintiff's "ability to perform work the full range of light work . . . has been
10  impeded by additional limitations," the ALJ cited the testimony of the vocational expert
11  ("VE") that Plaintiff could perform the requirements of packager, inspector, and
12  assembler.  Id.  Hence, the ALJ concluded Plaintiff was "capable of making a successful
13  adjustment to other work that exists in significant numbers in the national economy."  AR
14  at 33.  As a result, the ALJ found Plaintiff was "not disabled" at Step Five.  Id.

15

16                                        **V.**

17                          **PLAINTIFF'S CLAIMS**

18      Plaintiff presents four disputed issues:

19      1.    Whether the ALJ committed legal error in not adequately assessing Ms.
20             Kambeitz's testimony regarding her pain and limitations.

21      2.    Whether the ALJ committed legal error in failing to properly consider
22             Listing 12.05.

23      3.    Whether the ALJ committed legal error in not adequately assessing Ms.
24             Kambeitz's hand limitation.

25      4.    Whether the ALJ committed legal error in not adequately assessing Ms.
26             Theoret's testimony.

27  JS at 2.

28      The Court finds the first issue dispositive of this matter, and thus does not address

                                        5

1   the remaining issues. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because

2   we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's]

3   alternative ground for remand."); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d

4   1147, 1153 n.7 (C.D. Cal. 2008) ("[T]his Court need not address the other claims plaintiff

5   raises, none of which would provide plaintiff with any further relief than granted, and all

6   of which can be addressed on remand.").

7

8                                          **VI.**

9                             **STANDARD OF REVIEW**

10          Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's

11  decision to deny benefits. The ALJ's findings and decision should be upheld if they are

12  free of legal error and supported by substantial evidence based on the record as a whole.

13  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971);

14  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

15          "Substantial evidence" is evidence that a reasonable person might accept as

16  adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir.

17  2007). It is more than a scintilla but less than a preponderance. Id. To determine

18  whether substantial evidence supports a finding, the reviewing court "must review the

19  administrative record as a whole, weighing both the evidence that supports and the

20  evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157

21  F.3d at720; see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating that a

22  reviewing court "may not affirm simply by isolating a specific quantum of supporting

23  evidence") (citations and internal quotation marks omitted). "If the evidence can

24  reasonably support either affirming or reversing," the reviewing court "may not substitute

25  its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also

26  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is

27  susceptible to more than one rational interpretation, we must uphold the ALJ's findings if

28  they are supported by inferences reasonably drawn from the record.").

1    The Court may review only the reasons stated by the ALJ in her decision "and may

2    not affirm the ALJ on a ground upon which [s]he did not rely." Orn v. Astrue, 495 F.3d

3    625, 630 (9th Cir. 2007).  If the ALJ erred, the error may only be considered harmless if

4    it is "clear from the record" that the error was "inconsequential to the ultimate

5    nondisability determination." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

6    2006) (citation and internal quotation marks omitted).

7

8                                        **VII.**

9                                  **DISCUSSION**

10    For the reasons set forth below, the Court finds the ALJ failed to provide specific,

11    clear, and convincing reasons for rejecting Plaintiff's testimony regarding the severity of

12    her right hand limitations.

13    **1.    Background**

14          **a.    The ALJ's RFC Determination**

15    The ALJ's RFC determination states Plaintiff "can lift and/or carry 20 pounds

16    occasionally and smaller than this frequently; . . . she is unlimited with respect to pushing

17    and/or pulling, other than as indicated for lifting and/or carrying; [and] she can frequently

18    perform fine and gross manipulation with the right upper extremity . . . ." AR at 26.

19    In determining Plaintiff's RFC, the ALJ described Plaintiff's testimony regarding

20    her right hand pain and limitations as follows:

21          The [Plaintiff] testified she could not work because of arthritis in her right

22          hand.  She alleged she could not open car doors, had difficulty gripping

23          objects, and it was always swollen and in constant pain.  She asserted some

24          days she could not handle the pain and could not lift a gallon of milk with

25          her right hand.  She testified she took Tramadol and over-the-counter

26          medication to alleviate her symptoms, which was effective.

27    Id. at 27.

28          Next, the ALJ found "[a]fter careful consideration of the evidence, the undersigned

                                        7

finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent those statements are inconsistent with the residual functional capacity assessment herein." Id. at 27-28.

The ALJ then identified three areas of testimony she found not credible. First, regarding Plaintiff's level of mental functioning, the ALJ found Plaintiff's testimony not credible because her testimony about not being able to read or count change was inconsistent with her prior work as a "waitress" and accepting trailer rental applications. Id. at 28. Second, the ALJ "discounted the seriousness of [Plaintiff's] shortness of breath and difficulty breathing given her continued smoking of cigarettes as corroborated by the medical record." Id. Third, regarding Plaintiff's testimony as to the severity of her other symptoms and limitations, the ALJ found Plaintiff's credibility was diminished and reasoned as follows:

> The credibility of [Plaintiff's] allegations regarding the severity of her symptoms and limitations is diminished because those allegations are greater than expected in light of the objective evidence of record. The medical evidence indicates the claimant received routine conservative treatment for complaints of right hand pain, asthma, COPD, depression, and difficulty with memory and concentration. The lack of more aggressive or consistent treatment, surgical intervention, or even a referral to a specialist suggests the claimant's symptoms and limitations were not as severe as she alleged. The positive objective clinical and diagnostic findings since the alleged onset date detailed below do not support more restrictive functional limitations than those assessed herein.

Id. The ALJ then reviewed Plaintiff's history of "conservative treatment" of her hand pain as follows:

> The medical evidence of record indicates that the claimant presented on

8

November 12, 2010 with subjective complaints of right thumb pain.  A physical examination showed range of motion was limited on flexion and extension, she was positive for Finklestein's test, and she had swelling over the radial styloid (Ex. 1F, p. 10).  She was diagnosed with De Quervain's tenosynovitis and received conservative medication treatment (Id).  Reexaminations on December 3, 2010 and December 6, 2010 were consistent with prior findings (Ex. 1F, pp. 8-9).  On December 7, 2010, an x-ray study of the right hand showed findings consistent with osteoarthritis at the first CMC joint, which was confirmed by a subsequent diagnostic study (Ex. 1F, p. 20; Ex. 5F, p. 12).  The claimant presented on December 17, 2010 with continued complaints of right thumb pain (Ex. 1F, p. 7).  An examination continued to be consistent with prior findings and she was referred to orthopedics (Ex. 1F, pp. 2 and 7).

. . .

The record shows the claimant continued to receive conservative treatment thereafter for asthma and right thumb pain, for which she continued to complain.

Id. at 28-29.

The ALJ went on to recite the medical evidence in support of her RFC determination.  Id. at 29-31.  The ALJ concluded Plaintiff's "subjective complaints are less than fully credible and the objective medical evidence does not support the alleged severity of symptoms."  Id. at 31.

### b.    The Parties' Respective Positions

Plaintiff argues the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony regarding the severity of her right hand limitations.  JS at 6.  Plaintiff argues the ALJ's finding that Plaintiff's treatment was conservative is legal error, because Plaintiff could not financially afford greater treatment.  Id.  Plaintiff also objects to the characterization of her symptoms as effectively managed by Tramadol and

9

1   "over-the-counter-medications," because "taking 20 Tylenol a day with Tramadol does
2   not support that [Plaintiff's] conditions are well controlled." Id. at 17.

3        Defendant argues the ALJ properly found Plaintiff not fully credible. Id. at 8.
4   Defendant argues the ALJ may appropriately discredit the Plaintiff, because the ALJ
5   "reasonably found that a lack of more aggressive or consistent treatment indicated
6   Plaintiff's symptoms were not as severe as alleged." Id. at 12. Defendant argues the ALJ
7   reasonably discredited Plaintiff's testimony, because "impairments that can be controlled
8   effectively with medication are not disabling for the purpose of considering eligibility for
9   SSI benefits." Id. Lastly, Defendant argues "the objective medical evidence did not
10  support the alleged severity of Plaintiff's impairments." Id. at 13.

11       **2.    Legal Standard**

12       If "the record establishes the existence of a medically determinable impairment that
13  could reasonably give rise to the reported symptoms, an ALJ must make a finding as to
14  the credibility of the claimant's statements about the symptoms and their functional
15  effect." Robbins, 466 F.3d at 883 (citations omitted). The ALJ's credibility
16  determination must be supported by "findings sufficiently specific to permit the court to
17  conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti v.
18  Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation and internal quotation marks
19  omitted).

20       The ALJ is required to engage in a two-step analysis. "First, the ALJ must
21  determine whether there is objective medical evidence of an underlying impairment
22  which could reasonably be expected to produce the pain or other symptoms alleged."
23  Molina, 674 F.3d at 1112 (citations and internal quotation marks omitted). "If the
24  claimant has presented such evidence, and there is no evidence of malingering, then the
25  ALJ must give specific, clear and convincing reasons in order to reject the claimant's
26  testimony about the severity of the symptoms." Id. (citations and internal quotation
27  marks omitted). "The ALJ must state specifically which symptom testimony is not
28  credible and what facts in the record lead to that conclusion." Smolen v. Chater, 80 F.3d

10

1  1273, 1284 (9th Cir. 1996); see also Brown-Hunter v. Colvin, No. 13-15213, 2015 WL

2  4620123, at *1 (9th Cir. Aug. 4, 2015) (holding "an ALJ does not provide specific, clear,

3  and convincing reasons for rejecting a claimant's testimony by simply reciting the

4  medical evidence in support of his or her residual functional capacity determination").

5          "The ALJ may consider many factors in weighing a claimant's credibility,

6  including (1) ordinary techniques of credibility evaluation, such as the claimant's

7  reputation for lying, prior inconsistent statements concerning the symptoms, and other

8  testimony by the claimants that appears less than candid; (2) unexplained or inadequately

9  explained failure to seek treatment or to follow a prescribed course of treatment; and (3)

10  the claimant's activities." Tommasetti, 533 F.3d at 1039 (citations and internal quotation

11  marks omitted).

12          "If the ALJ's credibility finding is supported by substantial evidence, the court

13  may not engage in second-guessing." Id. (citations and internal quotation marks

14  omitted); but see Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (holding "[i]t

15  was error for the district court to affirm the ALJ's credibility decision based on evidence

16  that the ALJ did not discuss"). However, an ALJ's failure to give specific, clear and

17  convincing reasons to reject the claimant's testimony about the severity of the symptoms

18  is not harmless, because it precludes the Court from conducting a meaningful review of

19  the ALJ's reasoning. Brown-Hunter, 2015 WL 4620123, at *1.

20          **3.    Analysis**

21          The Court finds the ALJ did not provide "specific, clear and convincing reasons"

22  for finding Plaintiff incredible. As set forth below, the ALJ erred by (1) improperly

23  considering Plaintiff's failure to seek more aggressive treatment or see a specialist

24  without considering whether Plaintiff could afford more aggressive treatment,

25  Reginnitter v. Commissioner of Soc. Sec., 166 F.3d 1294, 1297 (9th Cir. 1998), and (2)

26  merely reciting the medical evidence in support of her residual functional capacity

27  determination without identifying which medical evidence specifically discredits which

28  symptom testimony, Brown-Hunter, 2015 WL 4620123, at *1.

11

1    First, the ALJ appears to have rejected Plaintiff's testimony primarily on the basis

2    of her failure to see a specialist or seek more aggressive treatment for her hand pain,

3    without evaluating Plaintiff's testimony and evidence that she could not afford further

4    treatment.  AR at 28.  However, an ALJ may not reject "a claimant's complaints for lack

5    of treatment when the record establishes the claimant could not afford it."  Reginnitter,

6    166 F.3d at 1297; Smolen, 80 F.3d at 1284 (holding that because a claimant testified that

7    "she had no insurance and could not afford treatment," her failure to take medication for

8    her symptoms "is not a clear and convincing reason for discrediting her symptom

9    testimony"); Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995) (holding "a disabled

10   claimant cannot be denied benefits for failing to obtain medical treatment that would

11   ameliorate his condition if he cannot afford that treatment").

12   Plaintiff testified she had no source of income.  AR at 43.  When she was referred

13   to a specialist for her hand pain, the referring doctor noted that Plaintiff did not have

14   insurance.  Id. at 329.  The doctor noted Plaintiff's "bills are adding up [and she] cannot

15   afford food."  Id. at 334.  The doctor's notes also state Plaintiff "defers referral to hand

16   specialist [due] to cost."  Id. at 335.  The ALJ does not address this evidence in the

17   decision.  Therefore, the Court finds it was legal error for the ALJ to base her credibility

18   determination on Plaintiff's failure to see a specialist or seek more aggressive treatment.

19   Second, the ALJ also appears to have discredited Plaintiff's claimed severity of

20   impairment because it is not supported by "the objective medical evidence."  Id. at 31.

21   However, without identifying which medical evidence specifically discredits which

22   symptom testimony, the ALJ merely recites the medical evidence in support of her

23   residual functional capacity determination.  Id. at 29-31.  The Defendant attempts to point

24   out medical evidence that *may* have supported the ALJ's decision.  However, the Court

25   cannot affirm the ALJ's credibility decision based on evidence that the ALJ did not

26   discuss.  Connett, 340 F.3d at 874.  Accordingly, the ALJ's failure to specifically link the

27   medical evidence to the allegedly non-credible testimony is error.  Brown-Hunter, 2015

28   WL 4620123, at *1.

Finally, defendant argues the ALJ reasonably found Defendant not credible because her condition was effectively controlled with conservative treatment. JS at 12. First, the ALJ's mention of Plaintiff's use of Tramadol and over-the-counter medication is not referred to as part of the ALJ's credibility determination. <u>See</u> AR at 27. The ALJ does not say she discredited Plaintiff's testimony regarding her right hand limitations because she found Plaintiff's condition effectively managed. Nor did Plaintiff testify the Tylenol and Tramadol were effective; rather, Plaintiff testified the Tramadol taken with approximately 20 Tylenol a day helped "[a] little bit." <u>Id.</u> at 47. Second, the record shows the ALJ did not find the treatment was effective, because she does, at least partially, credit Plaintiff's subjective complaints regarding her hand in discrediting the testimony of the internal medicine consultative examiner, Dr. Lim, and assessing a more restrictive RFC than recommended by Dr. Lim. <u>Id.</u> at 29.

The Court, thus, finds the ALJ did not provide specific, clear and convincing reasons to discredit Plaintiff's testimony regarding the severity of her right hand limitations.

## VIII.
## <u>RELIEF</u>

**A.    Legal Standard**

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." <u>Hill</u>, 698 F.3d at 1162 (citation and internal quotation marks omitted). "We may exercise our discretion and direct an award of benefits where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." <u>Id.</u> (citation and internal quotation marks omitted). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were

13

1   properly evaluated." Id. (citations omitted); see also Reddick, 157 F.3d at 729 ("We do
2   not remand this case for further proceedings because it is clear from the administrative
3   record that Claimant is entitled to benefits.").

4          In cases where an ALJ has improperly rejected "claimant testimony or medical
5   opinion," a court must remand to the ALJ "with instructions to calculate and award
6   benefits" if (1) "the record has been fully developed and further administrative
7   proceedings would serve no useful purpose"; (2) "the ALJ has failed to provide legally
8   sufficient reasons for rejecting evidence, whether claimant testimony or medical
9   opinion"; and (3) assuming "the improperly discredited evidence were credited as true,
10  the ALJ would be required to find the claimant disabled on remand." Garrison v. Colvin,
11  ___ F.3d ___, 2014 WL 3397218, at *20 (9th Cir. 2014) (citations and footnote omitted).
12  **B.   Analysis**

13         In this case, the record has not been fully developed.   The ALJ must reassess
14  Plaintiff's credibility regarding her right hand limitations and its impact on the RFC
15  determination.  The error resulting from the ALJ's deficient credibility analysis cannot be
16  deemed harmless, particularly in light of the VE's testimony that Plaintiff would not be
17  able to perform past relevant work or alternative work if she is only able to use her right
18  hand occasionally.  AR at 70.  It is, therefore, not "clear from the record" that the error
19  was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at
20  885.  Accordingly, remand for further proceedings is appropriate.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

**IX.**

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order.  IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: August 10, 2015      _____
                            HON. KENLY KIYA KATO
                            United States Magistrate Judge

15